IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, COLBY VAUGHAN, M. HAUT, and ANGELA C. MARSEE,<br><br>        Plaintiffs,<br><br>v.<br><br>ROMAN SERPIK,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-23-00135-JD<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is the Special Appearance and Motion to Remand Action to State Court for Lack of Jurisdiction [Doc. No. 13] filed by the State of Oklahoma, *ex rel.*, the District Attorney of Beckham County, Angela Marsee. Defendant Roman Serpik filed a Response [Doc. No. 15]. Upon consideration, the Court finds that this action should be remanded to the District Court of Beckham County, Oklahoma.

Mr. Serpik was charged in the District Court of Beckham County by the State of Oklahoma (CM-2023-00031) with criminal misdemeanors for failure to stop at a red light and obstruction of a police officer. *See* [Doc. No. 1-1]. Citing 28 U.S.C. § 1441, Mr. Serpik removed the misdemeanor criminal state-court action to this Court [Doc. No. 1] based on 28 U.S.C. § 1331 and moved to dismiss the charges [Doc. No. 5]. He raised several arguments for why the charges should be dismissed, including failure to state an offense, immunity from prosecution, and fraud.

Section 1441, however, cannot serve as a basis for Mr. Serpik's attempted removal because it applies only in civil cases. 28 U.S.C. § 1441(a) ("[A]ny *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . .") (emphasis added). Neither does 28 U.S.C. § 1331 support his removal here. *See id.* § 1331 ("The district courts shall have original jurisdiction of all *civil actions* arising under the Constitution, laws, or treaties of the United States.") (emphasis added). Those are the only two bases provided by Mr. Serpik in his notice of removal, neither of which supplies this Court with subject-matter jurisdiction based on the live pleadings. *Cf. United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (explaining that courts "follow the principle of party presentation" and "rely on the parties to frame the issues for decision"); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (explaining that courts cannot "construct a legal theory on [a pro se party's] behalf") (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).[1]

---

[1] To the extent Mr. Serpik seeks to assert additional statutes for removal in his arguments in response to the Motion to Remand, this is improper under these circumstances. *See Iconic Med. Grp., LLC v. Lonahte Holdings, LLC*, Civil Action No. 21-cv-00474-PAB, 2021 WL 2678614, at *2 (D. Colo. June 30, 2021) (recognizing that the defendant "may not, through a response to a motion to remand, attempt to add a new basis for the Court's jurisdiction that was not asserted at the time of removal or within the thirty day window for removal"); *see also Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1301–05 (D.N.M. 2011) (explaining that a defendant may not avoid remand by arguing an additional basis of subject-matter jurisdiction not asserted in the original notice of removal).

The Court therefore GRANTS the Motion to Remand for lack of subject-matter jurisdiction and REMANDS this action to the District Court of Beckham County, Oklahoma, Case No. CM-2023-00031. *See* 28 U.S.C. § 1447(c). A certified copy of this Order shall be mailed by the Clerk of this Court to the Clerk of the District Court of Beckham County, Oklahoma. Each side shall bear his or their own attorney's fees, costs, and expenses resulting from the removal.

IT IS SO ORDERED this 13th day of July 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE